IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE K. ALLEN, SR., <br><br> Plaintiff, <br><br> v. <br><br> WEST FRASER, INC., WEST FRASER FOREST PRODUCTS, INC., D/B/A WEST FRASER TIMBER COMPANY, <br><br> Defendants. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, George K. Allen, Sr. ("Plaintiff" or "Mr. Allen"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants West Fraser, Inc. and West Fraser Forest Products, Inc. d/b/a West Fraser Timber Company ("Defendants") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq ("Section 1981").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

Defendant's Registered Agent is located within this district therefore venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 26, 2022; the EEOC issued its Notice of Right to Sue on February 10, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is an African American Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District. During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendants may be served with process by delivering a copy of the summons and complaint to their registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia, 30046-4805.

## **FACTUAL ALLEGATIONS**

9.

On or around September 4, 2004, Mr. Allen began working for Defendants as a Utility Worker. His current position is Grater Technician.

10.

On or around 2020, Defendants began using Grater Machines and many employees that were classified as "Graters" had to find other jobs within the mill.

11.

Around this time, Mr. Allen and another African American employee were promoted from a regular Grater to a Grater Technician.

12.

A white Lead Man, John Hunt, was not happy about two black men being promoted to the Grater Technician position.

13.

On or around March 2021, Mr. Hunt and other employees conspired to write false statements against Mr. Allen stating that he was bullying them and making racial comments against them.

14.

Defendants sent Mr. Allen home on suspension for three days pending their investigation.

15.

Defendants then called Mr. Allen and informed him that the statements were all made up and issued him backpay for the suspension.

16.

Defendants also informed Mr. Allen that, during their investigation, a white female employee, Gina Kelly, admitted to being asked by other employees to write

a false statement against Mr. Allen to "put this baby to bed and get rid of his black ass" but she refused to participate.

17.

When Defendants' white Lead Man, Mr. Hunt, found out that Mr. Allen was given backpay for the suspension, he was furious, stating, "They took the word of one black over four or five white people!"

18.

On or around March 9, 2022, an employee reported "perceived offensive racial statements" by Mr. Allen from a private text message he sent to his white best friend, who is also an employee of Defendants.

19.

Defendants suspended Mr. Allen for three days and did not tell him the reason for the suspension before sending him home.

20.

Defendants did not give Mr. Allen an opportunity to write a statement in response to the accusations made against him.

21.

Defendants then called Mr. Allen in for a meeting and asked him to sign a suspension letter.

22.

Defendants letter stated that Mr. Allen was being suspended for the "repetitive and seriousness of the offense" and that "Further instances of such behavior will likely lead to termination of employment for Mr. Allen" because "this language is not to be tolerated by our employees and we cannot allow this to enter into the workplace in any fashion."

23.

Defendants, however, did not suspend two white employees who had a physical altercation on the property and tried to kill each other with a pike pole.

24.

Defendants allowed the two white employees to write statements in their defense as part of their investigation.

25.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

26.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African American/Black.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

28.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

29.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

31.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

32.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

34.

Defendants' actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

35.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

36.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful retaliation.

## COUNT III: VIOLATION OF 42 U.S.C. § 1981

37.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

38.

Defendants subjected Plaintiff to discrimination and harassment on the basis of his race (African American).

39.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

40.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of their race.

41.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected their psychological and physical well being.

42.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

43.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

44.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

### **COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

45.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

46.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

47.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

48.

There was a causal connection between the protected conduct and the adverse action.

49.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

50.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 20th day of March 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com